## POORMAN BROS. v. C. T. WITMAN.

REPLEVIN — *Conditional Sale — Pleading — Demurrer to Evidence.* In an action to recover specific personal property, upon a contract by which the possession passed to the purchaser, upon condition that the sellers could repossess themselves of such part of the goods as might be left in stock, at any time they might deem themselves insecure, and the plaintiffs alleged in their petition that the buyer was to receive such goods for the purpose of sale at retail, and when so sold he became indebted to the sellers, and that the remaining goods on hand in stock in the store of the buyer should be the property of the sellers, *held,* that where the only evidence offered as to the sale was the written contract, which conferred no express authority to sell at retail, the allegations of the petition were not supported by the evidence, and that a demurrer to the evidence was properly sustained.

*Error from Kingman District Court.*

THE opinion, filed November 5, 1892, contains a sufficient statement of the case.

*Gillett Bros. & Co.,* and *Ashbaugh & Steck,* for plaintiffs in error:

1. The court erred in sustaining the demurrer of defendant to the plaintiffs' evidence, for the reason that the demurrer "admits every fact and every conclusion which the most favorable construction of the plaintiffs' evidence tends to prove." *Mo. Pac. Rly. Co. v. Goodrich,* 38 Kas. 224, and cases cited; *Christie v. Barnes,* 33 id. 317.

2. A contract of sale reserving title is valid, and will be respected and enforced by the courts, since it is the duty of courts to enforce, not destroy, the contracts of parties. *Sumner v. McFarland,* 15 Kas. 600; *Hallowell v. Milne,* 16 id. 65; *Owens v. Hastings,* 18 id. 446; *Flick v. Warner,* 25 id. 492; Benj. Sales, §§ 309–364, *et seq.;* also § 425, and cases cited, especially *Rogers v. Whitehouse,* 71 Me. 222, and *Burbank v. Crooker,* 7 Gray, 158.

3. In cases of conditional sales, the title remains with the vendor until condition performed. See cases cited above, also

the following: Benj. Sales, §§ 428, 429, 437, *et seq.*, and cases cited; *Redewell v. Gillen*, 12 Pac. Rep. 872; *Harkness v. Russell*, 7 Sup. Ct. Rep. 51; *Mining Co. v. Lowry*, 12 Pac. Rep. 652; *Sanders v. Keber*, 28 Ohio St. 630; *Ballard v. Burgett*, 40 N. Y. 314; *Coggill v. Railroad Co.*, 3 Gray, 545; *Angier v. Paper Co.*, 1 id. 621; *Colcord v. McDonald*, 128 Mass. 470.

4. The owner of personal property cannot be divested of the title thereto except by his own consent. *Fawcett v. Osborn*, 32 Ill. 424; *Jennings v. Gage*, 13 id. 614.

5. Power to sell does not authorize a mortgage. *Switzer v. Wilvers*, 24 Kas. 384; *Lillie v. Dunbar*, 22 N. W. Rep. 467; *Hampton v. Morehead*, 17 id. 202; *Campbell v. Campbell*, 15 id. 138.

The whole controversy in the court below turned upon the construction to be given to this contract of purchase, it being finally held by the court that this was not a case of a conditional sale reserving the title, or, if it was, the evidence failed to show the condition existed upon which the vendors were authorized to retake possession. The interpretation which the court below gave to this contract robs it of any significance whatever. On its face it appears to be a contract reserving title, and it is admitted that if the clause reserving title had ended with the words "paid in full" there would have been no room for discussion in the case; but when the parties proceed to limit the right of the vendor to "such part of the goods as may be left in stock," then all right and control of the vendors to and over the goods are lost the moment they pass from the hand of the vendee, no matter in what manner or for what reason the transfer is made.

Sales secretly reserving the title in the vendor, with or without condition, are favored and upheld by the courts of this state. See Kansas cases cited, *supra.*

See, also, *Redewill v. Gillen*, 12 Pac. Rep. 877.

*Rogers v. Whitehouse*, 71 Me. 222, is a case so nearly in point with the case at bar that defendants in error only es-

cape from its logic and conclusion by utterly ignoring and denying its authority.

*J. D. Houston, John E. Lydecker,* and *W. H. Boone,* for defendants in error:

We think that all sales like the one in question are void. "A conditional sale reserving title, though ordinarily sustained as valid, will be deemed as fraudulent and void if the grantee is, pending maturity of the contract, allowed to dispose of the goods at his own discretion." 31 Barb. 650; 41 id. 435; 1 Hun, 513; 7 Lea, 735; 9 id. 81.

The evidence does not show that the goods in question "were left in stock" when they were demanded of Witman, or when this suit was brought. Without proving this, Poorman Bros. could not recover; yet there is not a word of testimony on the subject, and there is no presumption, however violent, that can be urged as a substitute.

Yet another defense is, that the record shows that the sheriff, by some authority or under some process which does not appear, on behalf of Poorman Bros., took the goods in question away from Witman, defendant in error. There is not a scintilla of evidence in the record tending to show that the property ever got back into the possession of Witman. True, the record states that, "under the replevin proceedings, the sheriff took the flour remaining in stock; that Witman executed his redelivery bond, and that thereupon the goods were returned to him." Now, it is not sufficient to thus state conclusions, and to fill out the case-made with opinions, instead of with the evidence and pleadings and proceedings in the case. We are entitled to these instead of conclusions. We do not know what goods were seized by the sheriff, or what returned by him to Witman, if any. For aught we know, the sheriff, acting on behalf of Poorman, might have kept the very goods mentioned in the petition and referred to by the witnesses.

The petition, when construed strictly against the pleader, fails to state a cause of action. It nowhere states that plaintiff was owner of the goods when the suit was commenced.

But a more glaring and fatal defect is, that it simply charges a technical consignment of the goods by plaintiff to Gorton, for sale by Gorton at retail, as a *del credere* agent; whereas, the proof shows, under the most favorable view for plaintiffs in error, a conditional sale. Such proof will not support the pleadings, and the court properly directed a verdict for defendant. "Plaintiff must stand or fall by title alleged in his petition." Cobbey, Repl., § 601.

Opinion by GREEN, C.: On the 24th day of February, 1888, Poorman Bros., who were doing a milling business at Anthony, sold a car-load of flour to H. G. Gorton, doing business at Norwich, in Kingman county. The flour was shipped upon a written order, of which the following is a copy:

"In consideration of this order, it is expressly agreed that the title to these goods shall be and remain in Poorman Bros. until such goods are paid in full; and said Poorman Bros. shall have the right, at any time they may deem themselves insecure, to retake possession of such part of the goods as may be left in stock; and the purchaser agrees to take a receipt for such returned goods at above prices and pay the balance of invoice in full."

At the time the flour was received, Gorton was involved, and to secure the payment of preëxisting debts, he executed mortgages upon all of the goods in his store, including the flour which was undisposed of. The mortgagees took possession of the property, placed an agent in charge of the store, and a few days later sold the entire stock to C. T. Witman, who took immediate possession of the stock of goods. This was an action in replevin, brought by Poorman Bros., to recover the flour on hand at the time Gorton mortgaged the goods. The plaintiffs alleged in their petition that, by the terms of the contract, Gorton was to receive the flour in his store for the purpose of sale at retail, and when so sold he became indebted to the plaintiffs for the goods actually sold; and any goods remaining on hand in stock in his store were to be the

property of the plaintiffs. The court sustained a demurrer to the evidence of the plaintiffs, and instructed the jury to return a verdict for the defendant.

It is urged that the court erred in sustaining this demurrer. It is established by the evidence that the flour was shipped from Anthony on the 25th day of February, and some $200 worth sold. A demand was made for the flour unsold on Saturday, the 31st day of March, and a subsequent demand was made the Monday following; but the goods were not found in the building which had been occupied by Gorton, but had been moved three or four doors south, to the defendant's store. There was no evidence other than the order for the flour as to the terms of the sale. It will be observed that there is nothing in the written contract expressly authorizing the purchaser to sell at retail or in any other way. Poorman Bros. had the right at any time they deemed themselves insecure to retake possession of such part of the goods as might be left in stock. The fair intendment of the parties doubtless was that the flour was to be sold at retail, but there was no evidence to support the allegations of the petition that the goods were to be so sold. Again, the plaintiffs alleged that the flour remaining on hand in stock in the store of the purchaser in Norwich was to be and remain the property of the plaintiffs. There was no evidence to establish the fact that the property replevied was in stock when the demand was made upon the defendant.

The plaintiffs in error insist that the order for the flour was a contract reserving title and should be enforced; and cite numerous authorities of this court where such contracts are held to be valid. All of the cases referred to are where certain specific property, such as organ, wagon and fire-proof safe and other articles subject to identification were in dispute. Courts make a distinction between such articles and goods such as are in dispute in this action, when placed in the hands of a person who may keep similar articles for sale, and the buyer is permitted to deal with the property in a way inconsistent with the ownership of the seller, or in any way which

would necessarily destroy his lien or right to the property. (*Ludden v. Hazen*, 31 Barb. 650.) It has been said:

"Exceptions to the general rule in regard to contracts reserving title exist where the possession of the purchaser is coupled with the usual *indicia* of title and authority to sell; or with the apparent power to dispose of the property superinduced by the acts of the vendor; or perhaps, where the conditional sale is made with knowledge to a regular dealer in the article." (*McCombs v. Guild*, 9 Lea, 81.)

Poorman Bros. placed it within the power of Gorton to dispose of the flour in question; just how, it does not appear from the evidence. They must necessarily have known that he was a dealer in such goods. It does not appear from the evidence that he was restricted to sales by retail. He mortgaged his entire stock of goods for a *bona fide* indebtedness, and the defendant purchased the same from the mortgagees. We are of the opinion that the demurrer to the evidence was properly sustained; that there was no error in the judgment of the district court, and it should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.